**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ELIZABETH TAYLOR,<br><br>    Plaintiff,<br><br>vs.<br><br>ASSET, CONSULTING EXPERTS, LLC;<br>MICHAEL EVANS;<br>PREMIER PORTFOLIO GROUP; and<br>DOE 1-3,<br><br>    Defendants. | Civil Action No. 2:18-cv-00236-RSL<br><br>**FIRST AMENDED COMPLAINT** |

**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activity alleged herein while Plaintiff so resided.

COMPLAINT - 1

## PARTIES

3. Plaintiff ELIZABETH TAYLOR (hereinafter "Ms. Taylor" or "Plaintiff") is a natural person residing in Kirkand, Washington. MICHAEL EVANS is the operator and believed to be the sole member of ASSET, CONSULTING EXPERTS, LLC, a debt collector, and responsible for the polices, procedures, and actions of the company, including those giving rise to Plaintiff's causes of action as set forth herein. ASSET, CONSULTING EXPERTS, LLC is a New York limited liability company believed to maintain a principle place of business at 620 67th St. in Niagara Falls, NY. PREMIER PORTFOLIO GROUP is believed to be a fictitious business name used by MICHAEL EVANS. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-3, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants may be responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed. ASSET, CONSULTING EXPERTS, LLC, PREMIER PORTFOLIO GROUP, MICHAEL EVANS, and DOE 1-3 shall jointly be referred to as "Defendants").

4. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5. Defendants engaged in an attempt to collect on a consumer debt allegedly owed by Ms. Taylor.

COMPLAINT - 2

6. On February 14, 2017, Defendants left a voicemail message for Ms. Taylor, the content of which is as follows:

> "Elizabeth Taylor. We are contacting you today from Premier Portfolio Group regarding documentation that's in our office that we need a verbal statement on. Please press zero to speak to a representative or call 800-918-3181."

7. On February 14, 2017, Defendants called Ms. Taylor's place of employment and spoke with her boss. Defendants' stated that they were trying to contact Elizabeth Taylor "because of a bad check that had been passed."

8. On February 20, 2017, Defendants left a voicemail message for Ms. Taylor, the content of which is as follows:

> "Hello, this is Premier Portfolio Group. We're contacting you today regarding a bad check that was passed through our office with your name, social security number, account number, and routing number attached. We need to speak to you immediately regarding this. Please press one to be contacted to one of our helpful associates or call the number on your caller-ID. Thank you."

9. On February 21, 2017, Defendants left a voicemail message for Ms. Taylor, the content of which is as follows:

> "Hello, this is Premier Portfolio Group. We're contacting you today regarding a bad check that was passed through our office with your name, social security number, account number, and routing number attached. We need to speak to you immediately regarding this. Please press one to be contacted to one of our helpful associates or call the number on your caller-ID. Thank you."

COMPLAINT - 3

10. At no point in time did Ms. Taylor authorize Defendants to communicate with her boss or any other third party with respect to any alleged debt or other matter.

11. Defendants' claim that they were calling regarding a "bad check" is entirely false. There was no "bad check" involved and no such check was passed through the office of Defendants.

12. Concerned about Defendants' messages in which they failed to provide meaningful disclosure of their identity, and their communications with her boss, Ms. Taylor retained counsel with Centennial Law Offices.

13. On April 4, 2017, staff from Centennial Law Offices contacted Defendants by telephone at (800)918-3181. Defendants identified themselves as Premier Portfolio Group and confirmed that they were attempting to collect a consumer debt from Ms. Taylor.

14. As a direct result of the collection activity herein alleged, legal fees in the amount of $2,355.00 have been incurred.

## CAUSES OF ACTION

### COUNT I

15. Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in their communications with Plaintiff, specifically that the communications were from a debt collector and being made in an attempt to collect a debt.

## COUNT II

16. Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692(e)11 by failing to disclose in their communications with Plaintiff that the communications were from a debt collector being made in an attempt to collect a debt.

## COUNT III

17. Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(b) by communicating in connection with the collection of a debt with persons other than Plaintiff, without the consent of Plaintiff.

## COUNT IV

18. Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692e, particularly 1692e(10) for making the false statement that they were calling regarding a "bad check that was passed through our office."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants for recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

COMPLAINT - 5

2.) For $2,355.00 in legal costs incurred in responding to unlawful collection activity.

4.) For prejudgment interest in an amount to be proved at time of trial;

5.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

6.) For the costs of this lawsuit; and

7.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: August 16, 2018

    s/James A. Jones
    _____
    JAMES A. JONES (Bar # 33115)
    Attorney for Plaintiff ELIZABETH TAYLOR
    (Of counsel for Centennial Law Offices)
    950 Pacific Avenue Suite 1050
    Tacoma, WA 98402
    jjones@turnbullborn.com
    Phone: 253-383-7058
    Fax: 253-572-7220