UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>ASSET, CONSULTING EXPERTS, LLC, MICHAEL EVANS, PREMIER PORTFOLIO GROUP, AND DOE 1–3,<br><br>Defendants. | Case No. 2:18-CV-236-RSL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on plaintiff Elizabeth Taylor's motion for entry of default judgment. Dkt. #20. Plaintiff alleges that defendants Asset, Consulting Experts, LLC ("Asset"), Michael Evans and Premier Portfolio Group ("Premier")[1] violated provisions of the Fair Debt Collection Practices Act ("FDCPA"). Dkt. #7 (Compl.) at ¶ 1; see 15 U.S.C. 1692 *et seq*. She requests an award of $6,586.50 in damages. Dkt. #20 at 1.

## **BACKGROUND**

Plaintiff alleges that defendants left a voicemail message for her on February 14, 2017. This stated, "We are contacting you today from [Premier] regarding documentation that's in our office that we need a verbal statement on. Please press zero to speak to a representative or call

---

[1] Plaintiff represents that Premier appears to be a fictitious name used by defendant Michael Evans. However, she seeks entry of judgment against Premier nonetheless "in an abundance of caution." Dkt. #20 at 1 n.1.

ORDER GRANTING PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT - 1

800-918-3181." Dkt. #20-4 (Taylor Decl.) at ¶ 3. On the same day, defendants also called plaintiff's place of employment, and told her boss that they were trying to contact her "because of a bad check that had been passed." Id. at ¶ 4. Plaintiff did not authorize defendants to communicate with her boss or any other third party. Id. at ¶ 7. On February 20 and February 21, 2017, defendants left additional voicemail messages stating that they were contacting plaintiff "regarding a bad check that was passed through [their] office with [plaintiff's] name, social security number, account number, and routing number attached." Id. at ¶¶ 5–6. Plaintiff states that defendants' claim regarding a "bad check" is "entirely false." Id. at ¶ 8.

On February 13, 2018, plaintiff filed a complaint against defendants, alleging violations of the FDCPA. Dkt. #1 at ¶¶ 15–18. On April 10, 2018, plaintiff filed an "Ex Parte Motion for Leave to Engage in Discovery Prior to Rule 26(f) Conference" for the purpose of identifying the owners/operators of Premier and obtaining an address at which they could be served. Dkt. #3. This was granted on April 12, 2018. Dkt. #4. On April 30, 2018, plaintiff served a subpoena on GoDaddy.com LLC to determine the identity of the registrant of the domain name "PREMIERPORTFOLIOGROUP.COM." Dkt. #5 at ¶ 3; see Ex. E, Dkt. #20-5; Ex. F, Dkt. #20-6. She determined that Michael Evans and Asset were the owners of the domain name. Id. at ¶ 4. Plaintiff then filed a First Amended Complaint on December 4, 2018, adding Evans and Asset as defendants. Dkt. #7; see Dkts. #5, #6.

Plaintiff claims that defendants violated the FDCPA in four ways. First, they failed to disclose their identities as debt collectors. Compl. at ¶ 15, see 15 U.S.C. § 1692d. Second, they failed to disclose that their communications were directed toward collecting a debt. Id. at ¶ 16; see 15 U.S.C. § 1692e. Third, they communicated with a third party without her consent in connection with the collection of a debt. Id. at ¶ 17; see 15 U.S.C. 1692b. Fourth, they made the false statement that they were calling regarding a "bad check." Id. at ¶ 18; see 15 U.S.C. 1692e. Default was entered against all three defendants on January 9, 2019. Dkts. #16–#18; see Ex. A, Dkt. #20-1; see Ex. B, Dkt. #20-2. Plaintiff requests an award of $1,000 in statutory damages, $424 in costs, and $5,162.50 in attorney's fees. Dkt. #20 at 13.

ORDER GRANTING PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT - 2

# DISCUSSION

"Upon entry of default, the well-pleaded allegations of the complaint relating to defendant's liability are taken as true, and the defaulting party is deemed to have admitted all allegations in the complaint pertaining to liability." Khuu v. Nguyen, No. C08-0312RSL, 2009 WL 1531606, at *1 (W.D. Wash. June 1, 2009) (citing TeleVideo System, Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987)). The Court need not make detailed findings of fact as long as the allegations contained in the pleadings are sufficient to establish liability. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (citing Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990)).

## A. Statutory Damages under the FDCPA

"The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a. "[O]fficers may be held personally liable on a showing that 'they (1) materially participated in collecting the debt at issue; (2) exercised control over the affairs of the business; (3) were personally involved in the collection of the debt at issue, or (4) were regularly engaged, directly or indirectly, in the collection of debts.'" Smyth v. Merchants Credit Corp., No. C11-1879RSL, 2012 WL 588744, at *2 (W.D. Wash. Feb. 22, 2012) (quoting Smith v. Levine Leichtman Capital Partners, Inc., 723 F. Supp. 2d 1205, 1214 (N.D. Cal. 2010)).

"Courts have found that voice mail messages from debt collectors to debtors are 'communications' regardless of whether a debt is mentioned in the message." Koby v. ARS Nat. Servs., Inc., No. CIV. 09CV0780 JAHJMA, 2010 WL 1438763, at *3 (S.D. Cal. Mar. 29, 2010) (citing Berg v. Merchants Assoc. Collection Div., Inc., 586 F. Supp. 2d 1336 (S.D. Fla. 2008)); see Mandelas v. Daniel N. Gordon, PC, No. C10-0594JLR, 2011 WL 9383, at *2 (W.D. Wash. Jan. 3, 2011). "Most courts that have considered the issue have concluded that 'voicemails are communications that must conform to the disclosure requirements of section 1692e(11).'" Erez

v. Steur, No. C12-2109RSM, 2014 WL 6069847, at *3 (W.D. Wash. Nov. 13, 2014) (quoting Lensch v. Armada Corp., 795 F. Supp. 2d 1180, 1189 (W.D. Wash. 2011)).

First, a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This includes "the placement of telephone calls without meaningful disclosure of the caller's identity." Id. "The Ninth Circuit has not yet addressed what is required to satisfy the 'meaningful disclosure' element … however district courts in the Circuit increasingly agree that meaningful disclosure 'requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call.'" Moritz v. Daniel N. Gordon, P.C., 895 F. Supp. 2d 1097, 1104 (W.D. Wash. 2012) (quoting Hosseinzadeh v. M.R.S. Assoc., Inc., 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005)). "Whether conduct violates § 1692d requires an objective analysis that considers whether the 'least sophisticated debtor' would find the conduct harassing, oppressive, or abusive." Healey v. Trans Union LLC, No. C09-0956JLR, 2011 WL 1900149, at *6 (W.D. Wash. May 18, 2011) (quoting Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir. 2007)).

On February 14, 2017, defendants left a voicemail message for plaintiff that did not disclose their identity as a debt collector or the purpose of the communication, stating only, "We are contacting you … regarding documentation that's in our office that we need a verbal statement on." Taylor Decl. at ¶ 6. The voicemail messages left on February 20 and 21 clarified that the communication was regarding a "bad check," but did not disclose defendants' identity as a debt collector. Id. at ¶¶ 8–9; see Moritz, 895 F. Supp. 2d at 1104.

Second, a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes a failure to disclose in an initial oral communication with a consumer that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." Id. at § 1692e(11). Defendants' voice messages did not disclose that they were debt collectors attempting to collect a debt. Taylor Decl. at ¶¶ 6–8. This also includes the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). Id. "A debt

ORDER GRANTING PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT - 4

collector's false or misleading representation must be 'material' in order for it to be actionable under the FDCPA." Tourgeman v. Collins Fin. Servs., Inc., 755 F.3d 1109, 1119 (9th Cir. 2014), as amended on denial of reh'g and reh'g en banc (Oct. 31, 2014) (quoting Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. 2010). "In examining materiality, a court should look for 'genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response,' rather than for 'mere technical falsehoods.'" Smyth, 2012 WL 2343031 at *3 (quoting Donohue, 592 F.3d at 1034).

Plaintiff alleges that defendants falsely communicated that they were calling with regard to a "bad check," when "no such check was passed through the office of defendants." Taylor Decl. at ¶¶ 8–9, 11. "Upon entry of default, the well-pleaded allegations of the complaint relating to defendant's liability are taken as true." Khuu, 2009 WL 1531606 at *1.

Third, "[e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector … a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c. Under § 1692b, a debt collector who is "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall … not state that such consumer owes any debt." 15 U.S.C. § 1692b. Plaintiff states that defendants told her boss that they were trying to contact her "because of a bad check that had been passed." Taylor Decl. at ¶ 7. She argues that this was not "for the purpose of acquiring location information." 15 U.S.C. § 1692b. Regardless, however, defendants violated the FDCPA by stating that plaintiff owed a debt. Id.

A debt collector who fails to comply with the FDCPA with respect to any person is liable to that person in an amount equal to the sum of "the actual damage sustained" and "such additional damages as the Court may allow, but not exceeding $1,000." 15 U.S.C. §1692k(a).

### B. Costs and Attorney's Fees

Plaintiff requests attorney's fees of $5,162.50 and costs of $424. Dkt. #20 at 13. She is entitled to recover them under the FDCPA. 15 U.S.C. § 1692k(a)(3). She has provided a detailed summary of the costs as well as the hours spent on the case by the attorneys and paralegals/staff members of Centennial Law Offices at billing rates of $300 per hour and $50 per hour, respectively. Ex. I, Dkt. #20-9; Exs. F–H, Dkts. #20-6–#20-8; see also Ex. C, Dkt. #20-3.

### CONCLUSION

For all the foregoing reasons, plaintiff's motion is GRANTED. The Clerk of Court is directed to enter judgment in favor of plaintiff and against defendants in the following amounts:

| | |
|---|---|
| Statutory Damages under the FDCPA: | $1,000.00 |
| Attorney's Fees: | $5,162.50 |
| Costs: | $424.00 |

for a total of $6,586.50.

DATED this 24th day of May, 2019.

Robert S. Lasnik
United States District Judge